12 F.3d 206
 4 NDLR P 362
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Anthony Thomas TORCASIO, Plaintiff-Appellant,
v.
Edward W. MURRAY, Director; G.L. Bass, Deputy Warden,
Defendants-Appellees,
and
Vosbeck/DMJM, Defendant.
 No. 93-6585.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 29, 1993.
Decided Nov. 15, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond, No. CA-92-558-A; Richard L. Williams, Senior District Judge.
 Anthony Thomas Torcasio, pro se.
 Mark Ralph Davis, Office of the Atty. Gen. of Virginia, Richmond, VA, for defendants-Appellees.
 E.D.Va.
 AFFIRMED IN PART, VACATED IN PART AND REMANDED.
 Before HALL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Anthony Torcasio appeals from district court orders denying his request for relief under 42 U.S.C. Sec. 1983 (1988). Torcasio's complaint alleged that prison facilities at the Greensville Correctional Center facility were inadequate to accommodate his alleged disability from morbid obesity. He sued defendant Vosbeck/DMJM (Vosbeck), the company that allegedly designed and built the center, the Director of the Virginia Department of Corrections, and the Warden at the Center. We affirm the district court's dismissal of Vosbeck and of Torcasio's constitutional claims against the remaining defendants, but remand for further consideration of Torcasio's statutory claims.
 
 
 2
 Vosbeck, a private company, was not a "person" acting "under the color of state law" within the meaning of Sec. 1983. Accordingly, it was not subject to suit under that statute. See West v. Atkins, 487 U.S. 42 (1988). Moreover, since Vosbeck was not even potentially liable under any provision of relevant federal statutes prohibiting discrimination against the handicapped, we find that the district court properly dismissed defendant Vosbeck from this suit pursuant to 28 U.S.C. Sec. 1915(d). See Neitzke v. Williams, 490 U.S. 319 (1989).
 
 
 3
 We also agree with the district court that Torcasio's contentions fail to state a constitutional claim. He alleges that his size renders his cell uncomfortable, and inconveniences his efforts to utilize prison facilities such as showers, toilets, dining, lounge, and recreational areas. He contends that the absence of anti-slip abrasives in various areas puts him at risk of falling. These inconveniences, however, do not, objectively, amount to a "serious deprivation of a basic human need." See Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir.1993). Moreover, Torcasio's only allegation of harm resulting from these conditions is his claim that, on a single occasion, he slipped and hurt his ankle because of the lack of anti-slip abrasives in the area around the ice machine. He has not alleged that he suffered any serious harm or significant injury as a result of the alleged conditions, and has produced no evidence of any harm. We therefore affirm the district court's finding that Torcasio failed to state an Eighth Amendment claim. Id. at 1381.*
 
 
 4
 We find, however, that the district court erred in relying on our decision in LaFaut v. Smith, 834 F.2d 389 (4th Cir.1987), to find moot Torcasio's potential statutory claims under the Rehabilitation Act of 1973 and the Americans with Disabilities Act. The district court found Torcasio's ability to state a claim under these statutes and state statutory provisions "open to debate," but found the issue moot because Torcasio had been transferred to the Keen Mountain Correctional Center.
 
 
 5
 In LaFaut, we found a handicapped prisoner's claims that prison officials violated the Rehabilitation Act by failing to modify facilities to accommodate his needs to be moot where the prisoner, prior to consideration by the district court, had been transferred to an adequate facility, and then released from prison altogether. In the instant case, the record provides no indication that conditions at the Keen Mountain Correctional Center are adequate, and Torcasio contends that the facilities are identical to those at Greensville.
 
 
 6
 We therefore vacate the district court's finding that Torcasio's statutory claims are moot and remand for further consideration consistent with this opinion. We dispense with oral argument since the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED IN PART; VACATED IN PART; AND REMANDED.
 
 
 
 *
 Although not specifically addressed by the district court, Torcasio's contentions are patently insufficient to state an equal protection claim, since he does not allege that the defendants took any affirmative steps to exclude him from any privileges available to other inmates or treated him differently from other inmates